MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
CHRISTOPHER W. CARSON, ESQ.
Nevada Bar No. 9523
**THE BOURASSA LAW GROUP**
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@blgwins.com
ccarson@blgwins.com
*Attorneys for Plaintiff Jennifer Tausinga*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER TAUSINGA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDEN GAMING, LLC a Nevada Limited Liability Company, and DOES I through X, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-01825-JCM-NJK<br><br>**STIPULATION AND ORDER TO FILE A FIRST AMENDED COMPLAINT** |

Pursuant to Federal Rules of Civil Procedure Rule 15(a)(2), Plaintiff JENNIFER TAUSINGA, ("Plaintiff"), by and through her attorneys of record, Mark J. Bourassa, Esq. and Christopher W. Carson, Esq. of The Bourassa Law Group, and Defendant GOLDEN GAMING, LLC, a Nevada Limited Liability Company by and through their attorneys of record, Anthony L. Martin, Esq. and Dana B. Salmonson, Esq. of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby stipulate and agree as follows:

1. Plaintiff filed her Complaint against the Defendants in this matter on July 3, 2017 [ECF No. 1].

- 1 -

2. Defendant Golden Gaming filed its Motion to Dismiss Plaintiff's Complaint on July 27, 2017 [ECF No. 6].

3. As a result of Defendant's Motion, Plaintiff agrees that an Amended Complaint is warranted to further clarify the claims alleged in the instant case.

4. A copy of Plaintiff's proposed First Amended Complaint is attached hereto as **Exhibit 1**.

5. Plaintiff and Defendant Golden Gaming have reviewed and discussed the First Amended Complaint.

6. As a result of these discussions, Defendant agrees to allow Plaintiff to file a First Amended Complaint, rendering Defendant's Motion to Dismiss moot.

7. By agreeing to the filing of the First Amended Complaint, Defendant is not agreeing to the merits of any claim, the factual allegations contained in the First Amended Complaint, or waiving any defenses that may wish to assert. Defendant expressly reserves the right to file a Motion to Dismiss Plaintiff's First Amended Complaint.

///

///

///

///

///

///

///

///

8. Therefore, the Parties hereby stipulate and agree that Plaintiff shall be permitted to file the First Amended Complaint attached hereto as **Exhibit 1**. Defendants may then file a responsive pleading thereto within 21 days from the date the First Amended Complaint is filed.

**IT IS SO STIPULATED.**

Dated: August 10, 2017

**THE BOURASSA LAW GROUP**

*s/s Mark J. Bourassa, Esq.*
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
CHRISTOPHER W. CARSON, ESQ.
Nevada Bar No. 9523
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128
*Attorneys for Plaintiff Jennifer Tausinga*

Dated: August 10, 2017

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*s/s Dana B. Salmonson, Esq.*
ANTHONY L MARTIN, ESQ.
Nevada Bar No. 8177
DANA B. SALMONSON, ESQ.
Nevada Bar No. 11180
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
*Attorneys for Defendant Golden Gaming, LLC*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2017 _____

- 3 -

```
 1  MARK J. BOURASSA, ESQ.
    Nevada Bar No. 7999
 2  CHRISTOPHER W. CARSON, ESQ.
    Nevada Bar No. 9523
 3  **THE BOURASSA LAW GROUP**
    7575 Vegas Drive, Suite 150
 4  Las Vegas, Nevada 89128
    Tel: (702) 851-2180
 5  Fax: (702) 851-2189
    mbourassa@blgwins.com
 6  ccarson@blgwins.com
 7  *Attorney for Plaintiff*
 8
                    UNITED STATES DISTRICT COURT
 9
                         DISTRICT OF NEVADA
10
11  JENNIFER TAUSINGA, an individual,    )  **Case No.: 2:17-cv-01825-JCM-NJK**
                                         )
12              Plaintiff,               )  **FIRST AMENDED COMPLAINT AND**
                                         )  **DEMAND FOR JURY TRIAL**
13  vs.                                  )
                                         )
14  GOLDEN GAMING, LLC a Nevada Limited  )
    Liability Company; GOLDEN TAVERN GROUP, )
15  LLC, a Nevada Limited Liability Company; and )
    DOES I through X, inclusive,         )
16                                       )
17              Defendants.              )
```

18      Plaintiff JENNIFER TAUSINGA, (hereinafter referred to as "Plaintiff"), by and through

her attorneys of record, The Bourassa Law Group, alleges upon knowledge as to herself and her

own acts, and upon information and belief as to all other matters, brings this First Amended

Complaint against the above-named defendants and in support thereof alleges the following:

## **PARTIES**

1.   Plaintiff is, and at all times mentioned herein, was a Nevada resident.

2.   Defendant GOLDEN GAMING, LLC ("GOLDEN GAMING") is a Nevada

limited liability company.

3.   Defendant GOLDEN TAVERN GROUP, LLC ("GOLDEN TAVERN") is a

- 1 -

Nevada limited liability company.

4. GOLDEN GAMING, LLC and GOLDEN TAVERN GROUP, LLC are hereby collectively referred to as "DEFENDANTS".

5. At all times mentioned herein, DEFENDANTS employed Plaintiff. DEFENDANTS are and were an employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.

6. The true names or capacities, whether individual, corporate, associate or otherwise of defendants, DOES I through X, inclusive are unknown to Plaintiffs, who, therefore sues said defendants by such fictitious names. Plaintiffs are informed and believes and therefore allege, that each of the defendants designated as DOE are responsible in some manner for the events and happenings herein referred to, and caused damages to Plaintiffs as alleged herein; such that Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of said defendants, DOES I through X, inclusive, when the same have been ascertained by Plaintiffs, together with appropriate charging allegations, and to join such defendants in this action. Specifically, Plaintiffs will ask leave to amend to include any and all trustees, beneficiaries, culpable affiliates and/or culpable agents of Defendants as defendants herein.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII, 42 U.S.C. § 2000e, *et seq*.

8. Venue is appropriate in this judicial district because both Plaintiff and Defendants reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**ADMINISTRATIVE PREREQUISITES**

9. Plaintiff has complied with all the administrative prerequisites to this action under

- 2 -

42 U.S.C. § 2000e-5 as she timely filed a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue. A true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit 1**.

## **STATEMENT OF FACTS**

10. Plaintiff began working for Defendants as a Bar Host on or about October, 2010.

11. For nearly seven full years of employment, Plaintiff was a highly regarded employee. Hired at a pay rate of $8.25 per hour, Plaintiff was promoted to General Manager. The pay for her position of General Manager was $38,000.00 per year plus tips.

12. Plaintiff became pregnant in 2015 and took leave pursuant to the Family Medical Leave Act.

13. Plaintiff returned to work at the same position and pay rate as when she went on maternity leave.

14. Plaintiff became pregnant again in 2016.

15. Plaintiff never received any written or oral discipline for her work at Defendants; in fact, on May 1, 2016 Plaintiff received a text from her direct supervisor, Jason Anderson stating, "Hell of a month lady!! Good job! 1.8 [million] coin in and beverage revenue up 5K. Proud of you!"

16. Upon learning she was pregnant, Plaintiff told her direct supervisor, Jason Anderson.

17. His response was "Are you f*****g kidding me, not again. Corporate wouldn't be happy about this. You were just pregnant."

18. On May 23 2016, shortly after informing her employer she was pregnant, Plaintiff was demoted from General Manager to bartender. Plaintiff was also transferred to a different, less busy location, and was given a part-time, dayshift position, working only three days per week.

The pay for this position was $7.25 per hour plus tips, in contrast with her previous salary of $38,000 per year plus tips.

19. During the six weeks she worked as a bartender, due to deductions for tips and health insurance, Plaintiff did not receive one dollar in net pay.

20. As a result, Plaintiff was forced to quit her job with Golden Gaming and obtain a job that would support her family.

## FIRST CLAIM FOR RELIEF

**Discrimination – Sex/Pregnancy**
**In Violation of Title VII, 42 U.S.C. § 2000e *et seq*.**

21. Plaintiff hereby incorporates by reference paragraphs 1-18 above as if fully set forth herein.

22. At all times mentioned herein, Plaintiff was pregnant, and Defendants were aware of her pregnancy.

23. At all times mentioned herein, Plaintiff was qualified to perform her job duties for Defendant.

24. Defendants subjected Plaintiff to adverse employment actions because of her pregnancy, including, but not limited to, demoting Plaintiff from General Manager to bartender, transferring her to a less desirable location, decreasing her pay, placing her on day shift, and moving her from a full-time employee to a part-time employee.

25. As a direct and proximate result of these unlawful actions, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of salary, wages, earnings and benefits, diminution of future earning capacity, loss of accumulated benefits, mental anguish and other compensatory damages in an amount to be determined at trial.

26. Defendants' conduct was malicious and/or oppressive conduct by the Defendants and undertaken with the intent to defraud and oppress Plaintiff, thus warranting the imposition of

punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendants thereby deterring such conduct by it in the future.

27. It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

**Constructive Termination**
**In Violation of Title VII, 42 U.S.C. § 2000e** *et seq.*

28. Plaintiff hereby incorporates by reference paragraphs 1-25 above as if fully set forth herein.

29. Plaintiff was unlawfully demoted from General Manager, a full-time position, to a part-time, dayshift bartender at a less desirable location due to her pregnancy.

30. Because of this demotion, Plaintiff's pay decreased significantly.

31. By demoting Plaintiff due to her pregnancy in violation of Title VII, decreasing her pay, and denying her full-time employment, and moving her to a less desirable shift and location, Defendants made Plaintiff's work conditions so intolerable that a reasonable person in Plaintiff's position would feel compelled to resign.

32. Plaintiff did, in fact, feel compelled to resign, and resigned from her position with Defendants.

33. As a direct and proximate result of these unlawful actions, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of salary, wages, earnings and benefits, diminution of future earning capacity, loss of accumulated benefits, mental anguish and other compensatory damages in an amount to be determined at trial.

34. Defendants' conduct was malicious and/or oppressive conduct by the Defendants and undertaken with the intent to defraud and oppress Plaintiff, thus warranting the imposition of

punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendants thereby deterring such conduct by it in the future.

35. It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

## **DEMAND FOR JURY TRIAL**

Plaintiff, by and through her attorneys of record, The Bourassa Law Group, hereby demands a jury trial of all of the issues in the above matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment and damages against Defendants as follows:

a. Compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential losses;

b. Exemplary and/or punitive damages in an amount to be shown at trial;

c. Reasonable attorney fees and costs;

d. Pre- and post-judgment interest on any awards at the highest rate allowed by law; and

e. Such other and further relief as this Court deems just and appropriate.

DATED this 11th day of August, 2017.

**THE BOURASSA LAW GROUP**

*/s/ Mark J. Bourassa, Esq.*
MARK J. BOURASSA, ESQ., 7999
CHRISTOPHER W. CARSON, ESQ., 9523
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@blgwins.com
ccarson@blgwins.com
*Attorneys for Plaintiff*